MATTER OF D——

## In DEPORTATION Proceedings

### A-6904129

*Decided by Board November 28, 1958*

**Conviction of crime—"Conviction" attains finality when offender is placed on probation or sentence is suspended under section 1081 of Canadian Criminal Code.**

Conviction in Canada has attained "finality" for purposes of the immigration laws when the offender has been placed on probation or on suspended sentence pursuant to section 1081 of the Canadian Criminal Code.

CHARGE:

> Warrant: Act of 1952—Section 241(a)(1) (8 U.S.C. 1251(a)(1))—Excludable at time of entry as alien convicted of crime, to wit, theft (two counts).

### BEFORE THE BOARD

**Discussion:** The case is before us by certification. The special inquiry officer terminated proceedings. He found that the respondent was not deportable. The Service representative has submitted a memorandum urging that the respondent be found deportable. Counsel has submitted a reply memorandum asking that the special inquiry officer's order be permitted to stand. The special inquiry officer's order will be withdrawn. The charge is found sustained.

The issue is whether the respondent's convictions in Canada constitute "convictions" under the Immigration and Nationality Act. On August 8, 1949, the respondent was convicted in the Magistrate's Court for the City of Windsor, Ontario, Canada, on two charges of theft contrary to section 386 of the Criminal Code of Canada. Respondent was placed on suspended sentence on each charge and was required to sign a recognizance for $100 for a matter of 6 months and pledge that he would be of good behavior and keep the peace.

The action of the judge was taken under the authorization contained in sections 1081 *et seq.* of the Canadian Criminal Code which we set out in the Appendix and which in brief provide that in certain convictions the court may place the offender upon probation, providing that the offender enters into a recognizance to be

199

of good behavior, and to appear and receive judgment when called upon. If, subsequently, information is filed under oath that the offender has failed to maintain good behavior, the court may issue a warrant for his arrest, and upon proof of the violation of the conditions of probation can enter a judgment sentencing the offender to imprisonment on the original offense.

The special inquiry officer ruled that the conviction under section 1081 lacked finality because after a sentence is suspended the magistrate has no jurisdiction to impose sentence unless the information under oath was filed charging a breach of the recognizance, and because if attempt is made to suspend sentence and recognizance is not taken, the court at a later date may be without power to sentence the accused. The special inquiry officer believes that this situation is similar to that in *Pino* v. *Landon*, 349 U.S. 901. The Service representative argues that the procedure followed was the suspension of the imposition of sentence which we have held results in a conviction under the immigration laws, and that what resulted was "a *disposition* of the matter and not a mere *postponement* of the proceedings." We believe that the Service representative has correctly evaluated the situation.

In *Matter of O——*, 7 I. & N. Dec. 539, we attempted to set down the standards by which the existence of convictions for immigration purposes could be determined. We stated that to be a conviction under the immigration laws there must be a degree of "finality" in the disposition of the case following a finding of guilt but that it was not necessary to find that the conviction was a *final* one. "Finality" was found in cases where, after a finding of guilt, sentence to punishment was passed; sentence was passed and suspended; or the imposition of sentence was suspended. We stated that "finality" did not exist where after a finding of guilt the court merely postponed any further action in the case, leaving itself free, at least theoretically, to pass sentence to punishment; pass sentence and suspend the execution; or suspend the imposition of sentence (*Matter of J——*, 7 I. & N. Dec. 580). The special inquiry officer is of the belief that resort to section 1081 is equivalent to merely postponing any further action in the case. However, a review of the Canadian decisions establishes that the procedure results not merely in postponement of further action, but results in the suspension of the imposition of sentence, thus achieving a "finality" in the disposition of the case.

If action under section 1081 resulted in mere postponement of the consideration of the case, then, theoretically at least, the court should have the power to decide the case at any time. However, it is settled that the court does not have such power. When disposition has beeen made under section 1081 the court is without power

to make any further adjudication in the case unless the convicted person has violated the terms of his probation, this fact has been called to the attention of the court by information under oath, and a warrant for the arrest of the offender has been issued. Even then, unless it is established that there has been a violation of the conditions of probation, the court has no power to inflict punishment upon the offender. In *Rex* v. *Glasgow*, 67 C.C.C. 392 (1936), the offender was convicted in May 1936 of stealing hens. He was released on recognizance in the sum of $200. In September 1936, he was tried, convicted, and sentenced for assault, disturbance and intoxication in a public place. The court also sentenced him to 6 months on the conviction for theft. The appeal court ruled that the court had no jurisdiction over the offender on the theft charge because information had not been filed stating that he had failed to observe his recognizance and because no warrant for his arrest had been issued. The sentence to 6 months was set aside. *King* v. *Siteman*, 6 C.C.C. 224 (1902), was an application for discharge from custody. In June 1902, the defendant had been convicted for being an inmate of a disorderly house. Under the provisions of the predecessor to section 1081, the defendant had been ordered released upon her entering into a recognizance. In September 1902, the defendant was tried for another offence of the same kind before the same magistrate and acquitted. However, the magistrate thereupon sentenced her under the June conviction. On appeal it was ordered that the prisoner be discharged from custody. It was held that the magistrate had no jurisdiction over her on the first conviction because she had not been brought before him by a warrant of arrest issued on the basis of an information that she had failed to comply with the terms of her recognizance, and it had not been proven that she had broken her recognizance.

Action under section 1081 results in the placing of the convicted person on probation. No further action is required by the court. In fact, the court has no jurisdiction to take further action unless other factors arise. The case has been disposed of by the court. In other words, what results is the suspension of the imposition of sentence. The courts of Canada have stated as much. In *Rex* v. *Switzki*, 54 C.C.C. 332 (1930), the court said that to suspend sentence under section 1081 means "suspending the passing of sentence."

Because the results of court action are so differently regarded from jurisdiction to jurisdiction, it is difficult to determine just when a conviction has occurred. Therefore, to be sure that what has happened in court is a "conviction" for immigration purposes, it is necessary to establish that the result of the court action is considered a conviction by the jurisdiction in which it occurred

201

(*Matter of O——, supra*). As to this, we must note that section 1081 by its very terms cannot come into operation until there has been a "conviction." *Rex* v. *McGarry*, 90 C.C.C. 52 (1947), involved a person who had been convicted before a police magistrate for unlawfully assaulting his wife. He was placed on suspended sentence for one year on conditions outlined in the recognizance pursuant to section 1081. He filed an appeal from the conviction. Counsel for the Crown moved that the appeal be not entered because the defendant had failed to comply with certain requirements of the appeal law relating to the posting of bond. In discussing the case, the court held that there had been a "conviction." The defendant was referred to as a "convicted person" with the right to appeal. In *Jephson* v. *Barker*, 3 T.L.R. 40 (1886), one had been found guilty as the keeper of a disorderly house in England and had been ordered to enter into his recognizance to come up for judgment when called upon. The question was whether this was a "conviction" within the terms of a statute providing for the payment of money to certain persons who had furnished information leading to the "conviction" of any person keeping a disorderly house. The court ruled that there had been a "conviction." The court stated that the "order of the court that the prisoner should enter into his recognizance to come up for judgment if called upon" is a judgment and a "final judgment except in certain events." To the same effect is *King* v. *Rabjohns*, 3 K.B. 171 (1913), which involved the question whether a parolee who subsequently was found guilty of committing another crime for which he was bound over to come up for judgment when called upon, forfeited his parole under the provisions of a law requiring forfeiture by a parolee who had been "convicted" of another crime.

The special inquiry officer relied upon *Pino* v. *Landon, supra*. In *Matter of O——, supra*, we fully set forth our evaluation of *Pino*. From *Pino* it is possible to draw the broad rules that a finding of guilt must be followed by further action by the court disposing of the case with some degree of "finality" and that a case placed "on file" is not sufficient to support a deportation charge. However, neither the reasoning of the court nor the facts upon which it relied are complete enough to offer us a guide as to what action of a court following a plea of guilty, except for placing a case "on file," constitutes a "conviction." Moreover, a case placed on file can be taken from the "file" at any time and the defendant given a sentence. In the instant case, the defendant cannot be punished after the expiration of this probation. We must hold then that the respondent's convictions were convictions under the immigration laws relating to the deportation of aliens.

We have chosen to deal with the issue of convictions on the terms by which it was handed to us because of the importance in the administration of the immigration law of the section relating to the conviction of aliens for crimes, and because the warrant charges the alien with "conviction" of crime. However, we must point out that in 1949 the alien entered a plea of guilty to the crime of theft. This plea constitutes an admission of the commission of theft and the alien having been found guilty by the court would thereafter have been clearly inadmissible at the time of his entries as one who admitted the commission of a crime involving moral turpitude.

Respondent may be eligible for admission to the United States for permanent residence under the provisions of section 5 of Public Law 85–316, September 11, 1957, despite his convictions of crime. This matter can be taken up with the Immigration Service and a United States consul in Canada. There is no administrative relief we can give the respondent.

**Order:** It is ordered that the order of the special inquiry officer be and the same is hereby withdrawn.

*It is further ordered* that the alien be deported from the United States pursuant to law on the charge stated in the warrant of arrest.

## APPENDIX

SECTION 1081. (1) In any case in which a person is convicted before any court of any offence punishable with not more than two years' imprisonment, and no previous conviction is proved against him, if it appears to the court before which he is so convicted or the Court of Appeals, that, regard being had to the age, character, and antecedents of the offender, to the trivial nature of the offence, and to any extenuating circumstances under which the offence was committed, it is expedient that the offender be released on probation of good conduct, the court may, instead of sentencing him at once to any punishment, direct that he be released on his entering into a recognizance, with or without sureties, and during such period as the court directs, to appear and receive judgment when called upon, and in the meantime to keep the peace and be of good behavior. 1947, c. 55, s. 34.

2. Where the offence is punishable with more than two years' imprisonment the court shall have the same power as aforesaid with the concurrence of the counsel acting for the Crown in the prosecution of the offender.

3. The court may, if it thinks fit, direct that the offender shall pay the costs of the prosecution, or some portion of the same, within such period and by such installments as the court directs.

203

4. Where one previous conviction and no more is proved against the person so convicted and such conviction took place more than five years before that for the offence in question, or was for an offence not related in character with the concurrence of the counsel acting for the Crown in the prosecution of the offender.

5. The court in suspending sentence may direct that the offender shall be placed on probation for such period and under such conditions as the court may prescribe, and may from time to time increase or decrease such period and change such conditions, and that during such period the offender shall report from time to time as the court may prescribe to any officer that the court may designate, and the offender shall be under the supervision of such officer during the said period, and the officer shall report to the court if the offender is not carrying out the terms on which the sentence is suspended, and thereupon the offender shall be brought again before the court for sentence.

6. The offender may also be ordered to make restitution and reparation to a person or persons aggrieved or injured by the offence for which he was convicted for the actual damage or loss thereby caused, and the offender may while on probation be ordered as one of said conditions to provide for the support of his wife and any other dependent or dependents for which he is liable.

1082. The court, before directing the release of an offender under the last preceding section, shall be satisfied that the offender or his surety has a fixed place of abode or regular occupation in the county or place for which the court acts, or in which the offender is likely to live during the period named for the observance of the conditions.

1083. If a court having power to deal with such offender in respect of his original offence or any justice is satisfied by information on oath that the offender has failed to observe any of the conditions of his recognizance, such court or justice may issue a warrant for his apprehension.

2. An offender, when apprehended on any such warrant, shall, if not brought forthwith before the court having power to sentence him, be brought before the justice issuing such warrant or before some other justice in and for the same territorial division, and such justice shall either remand him by warrant until the time at which he was required by his recognizance to appear for judgment, or until the sitting of a court having power to deal with his original offence, or admit him to bail, with a sufficient surety, conditioned on his appearing for judgment.

3. The offender when so remanded may be committed to a prison, either for the county or place in or for which the justice remanding him acts, or for the county or place where he is bound to appear for

judgment; and the warrant of remand shall order that he be brought before the court before which he was bound to appear for judgment, or to answer as to his conduct since his release.

(Tremear's Criminal Code of Canada, Fifth Edition and 1953 Supplement)